United States Court of Appeals
Fifth Circuit

**F I L E D**

June 14, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 06-60624
Summary Calendar

MAURICIO ALBERTO MELENDEZ-PARADA,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
(A97 831 423)

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Mauricio Alberto Melendez-Parada, a citizen of El Salvador, petitions for review of the order of the Board of Immigration Appeals (BIA) affirming, without a written opinion, the decision of the Immigration Judge (IJ) denying his application for asylum and withholding of removal. Although we ordinarily have authority to review only the BIA's decision, we review the IJ's decision where, as here, the BIA affirms the IJ's decision without an opinion. *E.g.*, **Mikhael v. INS**, 115 F.3d 299, 302 (5th Cir. 1997).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Melendez-Parada concedes the IJ correctly found his past mistreatment by the MS gang in El Salvador did not rise to the level of persecution. He contends the IJ erred, however, by failing to consider the probability of, and possible motivations for, future persecution.

Melendez-Parada does not meet his burden of showing, or even allege, fear of persecution based on his race, religion, nationality, membership in a particular social group, or political opinion, as is required to obtain asylum. *See* **Majd v. Gonzales**, 446 F.3d 590, 595 (5th Cir. 2006). Rather, he seeks relief based on his past encounters with a criminal gang and his fear of future such encounters.

The record indicates Melendez-Parada's fear of persecution is based solely on gang violence in his college town in El Salvador. "[A]n applicant's fear of persecution cannot be *based solely* on general violence and civil disorder." **Id.** (quoting **Eduard v. Ashcroft**, 379 F.3d 182, 188 (5th Cir. 2004)) (alteration in original). Moreover, because the standard of proof required to establish eligibility for withholding of removal is higher than that required for asylum, "failure to establish eligibility for asylum is dispositive of claims for withholding of removal". **Id.**

**PETITION DENIED**

2